Peter C. Erbland, ISBA # 2456
PAINE HAMBLEN LLP
701 Front Avenue, Suite 101
P.O. Box E
Coeur d'Alene, ID  83816
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMBER COBLEIGH and DAVID COBLEIGH, husband and wife, and the marital community thereof, <br><br> Plaintiffs, <br><br> vs. <br><br> TRINITY UNIVERSAL INSURANCE COMPANY, a Texas Corporation with its principal place of business in Jacksonville, Florida, <br><br> Defendant. | Case No. CV <br><br> [Kootenai County Case No. CV -13-7527] <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, Trinity Universal Insurance Company (Trinity), hereby removes the above-entitled action from the District Court of the First Judicial District of the State of Idaho, In and For the County of Kootenai, to the United States District Court for the District of Idaho.

### I.     PLEADINGS, PROCESS AND ORDERS

1.     On October 18, 2013, Amber and David Cobleigh (plaintiffs) commenced a lawsuit in the District Court of the State of Idaho, In and For the County of Kootenai, entitled

*Amber Cobleigh and David Cobleigh v. Kemper Insurance Companies*, Case No. CV 13-7527. (Exhibit A.)

    2.      Service of the original Complaint was attempted through the State of Idaho Department of Insurance on November 4, 2013. (Exhibit B.)

    3.      Notice of the lawsuit was received on November 11, 2013. Affidavit of James Hammel, ¶ 2. The plaintiffs had mistakenly designated Kemper Insurance Companies as the defendant. The company issuing the insurance policy at issue in the case is Trinity Universal Insurance Company. *Id.*, ¶ 4.

    4.      Upon being notified that the entity issuing the insurance policy at issue is Trinity Universal Insurance Company, plaintiffs, through counsel, amended their Complaint, identifying Trinity Universal Insurance Company as the defendant.

    5.      On November 26, 2013, plaintiffs filed an Amended Complaint, naming the defendant as Trinity Universal Insurance Company in lieu of Kemper Insurance Companies.

    6.      In their Amended Complaint, plaintiffs allege two causes of action against Trinity for general and special damages arising out of alleged breach of insurance contract and breach of the duty of good faith and fair dealing. Plaintiffs claim that Amber Cobleigh was seriously injured in an automobile accident on October 3, 2012. Amended Complaint, ¶¶ 2.2, 2.10. They claim that the driver of the other vehicle, Gloria Anderson, was negligent. *Id.*, ¶ 2.3. Plaintiffs accepted the policy limits of Gloria Anderson's insurance through Mutual of Enumclaw in the amount of $100,000.00. Plaintiffs claim that those policy limits failed to compensate them "for the severe and permanent injuries suffered in this collision." *Id.*, ¶¶ 2.4, 2.5. Plaintiffs' insurance with Trinity provides underinsured motorist coverage up to $250,000.00. *Id.*, ¶ 2.6.

7.     A true and correct copy of the State Court Docket and pleadings are included with this Notice and constitute all process, pleadings and orders in such action.

## II.     JURISDICTION

8.     This case is properly removed to this court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between the citizens of different states under 28 U.S.C. § 1332(a)(1).

### A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

9.     Where the Complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement). To do this, the removing party may present underlying facts, in the removal notice or by affidavit, that support the requisite amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997), citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).

10.     On August 12, 2013, plaintiffs sent a letter to Trinity containing a settlement demand for $200,000.00. (See, Exhibit A to Affidavit of Counsel in Support of Removal.) Included with the settlement demand were supporting materials including medical records, billings, wage loss documentation and photographs. *Id.* (Exhibit B). According to plaintiffs, the letter was intended to serve as their "proof of loss" under applicable Idaho law. *Id.* (Exhibit A).

Plaintiffs' counsel concluded that "we feel our offer to settle this claim is reasonable and we look forward to your expeditious response." *Id.*

11.     A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiffs' claim. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *Ruyle v. Safeco Ins. Co. of America,* 640 F.Supp.2d 1262, 1266 (D.Idaho 2009). In *Ruyle,* the plaintiff filed suit against her insurer for failure to pay the amount due under an uninsured motorist policy to plaintiff within 30 days after proof of loss was furnished to the insurer. The defendant removed the case, based on diversity of citizenship and alleged that the amount in controversy exceeded $75,000.00. Safeco supported this allegation with an affidavit including a settlement letter indicating that plaintiff had demanded $118,000.00 to settle the lawsuit shortly after the complaint was filed. 640 F.Supp.2d at 1264. In denying plaintiff's motion to remand, this Court noted that a settlement letter is relevant evidence of the amount in controversy, if it appears to reflect a reasonable estimate of the plaintiff's claim, citing *Cohn v. Petsmart, Inc., supra.* This Court found that "since the amount in controversy was not apparent from the complaint, there is no reason to doubt the amount stated in the December 2, 2008 settlement letter as a reasonable estimate of plaintiff's claim." 640 F.Supp.2d at 1266.

12.     As in *Ruyle, supra,* the settlement demand from plaintiff is relevant evidence and there is no reason to doubt the amount stated as a reasonable estimate of plaintiffs' claims, according to plaintiffs. After accepting $100,000.00 policy limits from the third party tortfeasor, plaintiffs seek an additional $200,000.00 from their own insurer. Plaintiffs refer to their $200,000.00 demand and supporting materials as their "proof of loss." In their Complaint, plaintiffs refer to this "proof of loss" and claim that Trinity has failed to pay to plaintiffs "the

amount justly due," and cite Idaho Code § 41-1839.  Amended Complaint, ¶ 2.12.  Under that statute, an insurer is liable for payment of attorney fees for failure to pay the amount "justly due" under a policy where it fails to pay within 30 days after "proof of loss" has been furnished.  In summary, plaintiffs claim that the amount justly due is $200,000.00, which is therefore the amount in controversy, along with any additional damages sought by plaintiffs on their bad faith claim.

13.     This Court should follow the holding of *Ruyle v. Safeco Ins. Co. of America, supra*, and find that the amount in controversy exceeds $75,000.00.  *See also, Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969 (MD La., 1995) (remand denied in uninsured/underinsured motorist action where state court petition alleges severe injuries to wife and attorney's settlement letter evaluates wife's damages at $110,000.00.); *Barton v. Allstate Ins. Co.*, 729 F.Supp. 56 (WD Tex., 1990) (remand denied in suit against plaintiff's own insurer on liability policy with $100,000.00 coverage and plaintiff made two pre-suit settlement demands of $50,000.00 and $35,000.00.)

## B.     DIVERSITY OF CITIZENSHIP

14.     Plaintiffs Amber and David Cobleigh are Idaho citizens.  According to the Complaint, they reside in Coeur d'Alene, Idaho.  Complaint, ¶ 1.1.  According to plaintiffs' settlement demand letter of August 12, 2013, they have lived in Coeur d'Alene for three years.  *See*, Affidavit of Counsel, Exhibit A (Bates No. D0009).  The attachments to the settlement letter indicate that plaintiff Amber Cobleigh was employed at "Michael's" store in Coeur d'Alene, Idaho at the time of the accident.  *Id.* (Bates Nos. D00018-D00023).  The medical records included with the settlement demand show that all of plaintiff Amber Cobleigh's medical

treatment took place in Coeur d'Alene, Idaho. *Id.* (Exhibit B). The insurance policy under which plaintiffs have made claim and have filed this lawsuit is for a residence belonging to the plaintiffs located in Coeur d'Alene, Idaho and for two motor vehicles with a "garage location" in Coeur d'Alene, Idaho. *See*, James Hammel Affidavit, Exhibit A.

15. Trinity Universal Insurance Company is a Texas corporation with its principal place of business in Jacksonville, Florida. Amended Complaint, ¶ 1.2.

16. This action is one between citizens of different states.

## III. TIMELINESS OF REMOVAL

17. This Notice of Removal is timely filed in that it is filed within 30 days of November 11, 2013, which is the date Trinity received notice of the original Complaint.[1] This Notice of Removal is also timely filed in that it is filed within one year of the filing of the Complaint in state court.

18. Pursuant to 28 U.S.C. § 1446(d), Trinity will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this Notice on all parties to the removed action.

19. By filing this Notice of Removal, Trinity does not waive, and hereby reserves, any right to assert objections and defenses to plaintiffs' Complaint.

---

[1] The original Complaint mistakenly designated Kemper Insurance Companies as the defendant. It was attempted to be served through the State of Idaho Department of Insurance on November 4, 2013. Trinity did receive notice of the lawsuit on November 11, 2013. Hammel Aff., ¶ __. Except for the designation of the proper defendant, the original Complaint and the Amended Complaint are identical.

WHEREFORE, Trinity respectfully removes this case from the District Court of the State of Idaho, In and For the District of Kootenai bearing Case No. CV 13-7527 to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED this 4th day of December, 2013.

PAINE HAMBLEN LLP

PETER C. ERBLAND
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system (if applicable) which sent a Notice of Electronic Filing to the following persons:

| Scott R. Ireland | ☑ | CM/ECF SYSTEM |
| Attorney at Law | ☐ | U S MAIL |
| 910 Sherman Avenue | ☐ | TELECOPY (FAX) to: 208 667-8323 |
| Coeur d'Alene ID 83814 | ☐ | E-MAIL TO: ScottRIreland@yahoo.com |

By:

H:\CDADOCS\00318\00132\PLEAD\C141546